**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **STORE MASTER FUNDING IV, LLC, a Delaware limited liability company,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Case No. _____________** |
| **CHALAK PEAK RESTAURANTS, LLC, a Texas limited liability company; CHRISTOPHER DEMERS; JAYAMIN PATAL; KINJAL PATAL; RONAK PARIKH; PINKY PARIKH; AKASH BHAKTA; VASUDHA BHAKTA; CHETAN BHAKTA; CHETAL BHAKTA; NIKUNJ BHAKTA; TEENA BHAKTA,** | § | |
| **Defendants.** | | |

## COMPLAINT

Plaintiff STORE Master Funding IV, LLC ("**STORE**" or "**Plaintiff**"), by and through counsel undersigned, and for its Complaint against Defendants Chalak Peak Restaurants, LLC, Christopher DeMers, Jayamin Patal, Kinjal Patal, Ronak Parikh, Pinky Parikh, Akash Bhakta, Vasudha Bhakta, Chetan Bhakta, Chetal Bhakta, Nikunj Bhakta and Teena Bhakta (collectively "**Guarantors**") and hereby alleges as follows:

### Parties

1. Plaintiff is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona. Plaintiff may be served through the undersigned counsel.

None of the members of Plaintiff are citizens of the State of Texas or the State of New Mexico for purposes of diversity.

2. Chalak Peak Restaurants, LLC is a limited liability company organized and existing under the laws of the State of Texas and has its principal place of business at 18900 Dallas Parkway, STE 125, Dallas, Texas 75287. Service of process on defendant may be made on its registered agent for service of process: Corporate Creations Network, Inc. 5444 Westheimer #1000, Houston, Texas 77056. Based on Plaintiff's reasonable inquiry, no members of Chalak Peak Restaurants, LLC are non-citizens of the State of Texas for purposes of diversity.

3. Christopher DeMers is an individual residing in Dallas, Texas, is a citizen of the State of Texas for purposes of diversity and may be served at 18900 Dallas Parkway, STE 125, Dallas, Texas 75287.

4. Jayamin Patal is an individual residing in Dallas, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Kinjal Patal and may be served at 18900 Dallas Parkway, STE 125, Dallas, Texas 75287.

5. Kinjal Patal is an individual residing in Dallas, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Jayamin Patal and may be served at 18900 Dallas Parkway, STE 125, Dallas, Texas 75287.

6. Ronak Parikh is an individual residing in Collin County Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Pinky Parikh and may be served at 3528 Danbury Lane, Plano, Texas 75074-9000.

7. Pinky Parikh is an individual residing in Collin County Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Ronak Parikh and may be served at 3528 Danbury Lane, Plano, Texas 75074-9000.

8. Akash Bhakta is an individual residing in Denton County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Vasudha Bhakta and may be served at 7266 Waters Edge Drive, The Colony, Texas, 75056-3492.

9. Vasudha Bhakta is an individual residing in Denton County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Akash Bhakta and may be served at 7266 Waters Edge Drive, The Colony, Texas, 75056-3492.

10. Chetan Bhakta is an individual residing in Denton County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Chetal Bhakta and may be served at 901 Warwick Blvd., The Colony, Texas 75056-6290.

11. Chetal Bhakta is an individual residing in Denton County, Texas, is a citizen of the State of Texas for purposes of diversity, is the spouse of defendant Chetan Bhakta and may be served at 901 Warwick Blvd., The Colony, Texas 75056-6290.

12. Nikunj Bhakta is an individual residing in Las Cruces, New Mexico, is a citizen of the State of New Mexico for purposes of diversity, is the spouse of defendant Teena Bhakta and may be served at 2255 W PICACHO AVE APT 100W, LAS CRUCES, NM 88007-2318.

13. Teena Bhakta is an individual residing in Las Cruces, New Mexico, is a citizen of the State of New Mexico for purposes of diversity, is the spouse of defendant

Nikunj Bhakta and may be served at 2255 W PICACHO AVE APT 100W, LAS CRUCES, NM 88007-2318.

## Jurisdiction and Venue

14. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because Defendants are subject to personal jurisdiction in this district and because Defendants have agreed to venue for this case in Texas.

16. This Court has personal jurisdiction over the Defendants because the causes of action arose in Texas and the transactions and occurrences out of which the cause of action arose took place in Texas.

17. Furthermore, Guarantors expressly submitted to the jurisdiction of this Court in the Unconditional Guaranty of Payment and Performance dated July 9, 2013 (the "**Guaranty**"), attached as **Exhibit 1**, at ¶ 10.

## General Allegations

### A. The Lease, the Amended Lease and the Guaranty

18. Plaintiff and Chalak TP Harker Heights, LLC ("**Tenant**") entered in to that certain Lease Agreement effective as of July 9, 2013 (the "**Original Lease**") for the property located at 401 West Central Texas Expressway, Harker Heights, Texas 76548 (the "**Property**"). A true and correct copy of the Lease is attached hereto as **Exhibit 2**.

19. Between July 9, 2013 and June 30, 2014, Plaintiff and Tenant entered in to a series of amendments to the Lease, before entering in to the Amended and Restated Lease Agreement dated June 30, 2014 (the "**Amended Lease**" and together with the Original Lease the "**Lease**"). A true and correct copy of the Amended Lease is attached hereto as **Exhibit 3**.

20. The Amended Lease amended and restated the Original Lease, and expressly provided that the "terms contained in this Lease shall apply to and be effective with respect to the period from and after the Effective Date, *without novation, replacement or substitution of the Original Lease* and the leasehold estate of Lessee shall mean the estate commencing under the Original Lease." Amended Lease (emphasis added).

21. Pursuant to the Lease, Tenant agreed to pay, on or before the first business day of each calendar month, the Base Monthly Rental then in effect. Lease at § 4.01.

22. The Lease also obligated Tenant to pay, "prior to the earlier of delinquency or the accrual of interest on the unpaid balance, all taxes and assessments of every type or nature assessed against or imposed upon the Property." Lease at § 6.01(a).

23. Pursuant to the Lease, Tenant agreed to "maintain, with respect to the Property, at its sole expense" insurance as described therein. Lease at § 6.03(a).

24. Pursuant to the Lease, any late payments are to accrue interest at the Default Rate, defined as the lesser of 18% or the highest rate permitted by law. Lease at Exhibit A.

25. The Guaranty was executed contemporaneously with the Original Lease.

26. Upon information and belief, a new or amended guaranty was not executed contemporaneously with the Amended Lease.

27. The Guaranty obligates Guarantors to the Amended Lease.

28. The Amended Lease identified the Guarantors in the Basic Lease Terms. Amended Lease at § 1.09.

29. Pursuant to the Guaranty, Guarantors

> unconditionally, absolutely and irrevocably guarantee[d] the punctual and complete payment and performance when due to Lessor of all Monetary Obligations, including, without limitation, Rental, taxes, insurance premiums, impounds, reimbursements, late charges, default interest, damages, indemnity obligations and all other amounts, costs, fees, expenses and charges of any kind or type whatsoever, which may at any time be due to Lessor under or pursuant to the documents listed on Schedule I attached [t]hereto (collectively, the "<u>Documents</u>").

Guaranty at ¶ 1.

30. Documents is defined in Schedule I to the Guaranty as:

> 1. Lease.
> 2. Any other document, agreement, instrument or certificate contemplated by the Lease, or any other documents, agreements, instruments or certificates now or hereafter entered into between Lessor and Lessee with respect to the Lease.
> 3. Any amendment, of which Guarantor has received notice, of the foregoing documents, agreements, instruments or certificates now or hereafter entered into between Lessor and Lessee.

31. The Amended Lease falls within the broad definition of Documents as set forth in the Guaranty. Guaranty at Schedule I.

32. Pursuant to the Guaranty, Guarantors "unconditionally guarantee[d] the truthfulness and accuracy of all representations, warranties and certifications of Lessee, the satisfaction of all conditions by Lessee and the full and timely performance of all

obligations to be performed by Lessee, under or pursuant to the Documents." Guaranty at ¶ 1

33. Pursuant to the Guaranty, Guarantors waived any requirement that Lessor first make demand upon, or seek to enforce or exhaust any remedies against Lessee or any other Person. Guaranty at ¶ 2.

**B. Defaults under the Lease and the Guaranty**

34. As of May 19, 2020, Tenant had failed to pay Base Annual Rental in the amount of $657,338.57, which amount includes unpaid rent and interest at the Default Rate.

35. As of May 19, 2020, Tenant had failed to pay Real Estate Taxes in the amount of $29,178.42.

36. Pursuant to the Lease, the failure by Tenant to pay any Monthly Base Rental within three business days of the due date constitutes an Event of Default. Amended Lease at § 12.01(b).

37. Pursuant to the Guaranty, Guarantors agreed to ensure that Tenant complied with all obligations created therein.

38. Despite demand, Guarantors have failed to cure Tenant's defaults under the Amended Lease.

**First Cause of Action**

**Breach of Guaranty (Guarantors)**

39. Plaintiff incorporates all prior allegations of the Complaint as if fully set forth herein.

40. The Guaranty is a valid, binding and enforceable agreement between Plaintiff and Guarantors.

41. At all times relevant, Plaintiff satisfactorily performed its obligations under the Original Lease, the Amended Lease and the Guaranty.

42. Guarantors' failure to ensure punctual payment and performance of all monetary obligations under the Lease is a breach of the Guaranty.

43. Guarantors' failure to cure, or cause Tenant to cure, the Events of Default under the Lease, as described above, constituted a breach of the Guaranty.

44. Guarantors' failure to ensure that Tenant met its obligations under the Lease, including paying Base Monthly Rental and Real Estate Taxes when due, is a violation of the terms of the Guaranty.

45. As a reasonable and foreseeable consequence of Guarantors' breach of the Guaranty, Plaintiff has suffered damages in an amount to be proven at trial, plus interest at the rate of 18% per annum, and reasonable attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights under the Original Lease, the Amended Lease and the Guaranty, pursuant to the terms of the Guaranty.

## **Conditions Precedent**

All conditions precedent have been performed, satisfied, have occurred or have been waived.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff STORE Master Funding IV, LLC prays that judgment be entered in its favor and against Guarantors on each claim asserted herein, and that the Court grant the following relief:

A. With respect to the First Cause of Action, Plaintiff requests that judgment be entered in its favor and against Guarantors, awarding damages in an amount to be proven at trial, together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Lease and bringing this action;

B. Any such other and further relief the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 5th day of June 2020.

REED SMITH LLP

*/s/ Keith M. Aurzada*
Keith Miles Aurzada
Texas State Bar No. 24009880
Bradley J. Purcell
Texas State Bar No. 24063965
REED SMITH LLP
2850 N. Harwood, Suite 1500
Dallas, TX 75201
Phone: (469) 680-4221
Fax: (469) 680-4299
Email: kaurzada@reedsmith.com
Email: bpurcell@reedsmith.com