UNITED STATES DISTRICT COURT
For the Northern District of Texas Dallas Division

| | | |
|---|---|---|
| STORE MASTER FUNDING IV, LLC, a Delaware limited liability company, | § § § | |
| *Plaintiff,* | § § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-01444-E |
| CHALAK PEAK RESTAURANTS, LLC, *et al.* | § § § § | |
| *Defendants.* | § | |

**DEFENDANTS' RULE 12 MOTION TO DISMISS AND BRIEF IN SUPPORT**

This Motion is brought (i) by all Defendants pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 USC §1406(a) and (ii) Defendants Kinjal Patel, Pinky Parikh, Vasudha Bhakta, Chetal Bhakta and Teena Bhakta pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## I.

## Summary of the Motion

Pursuant to Rule 12(b)(3) and 28 USC §1406(a), all Defendants seek dismissal due to improper venue or, alternatively in the interests of justice, transfer of this case to the Eastern District of Texas, Sherman Division. No special venue statute applies to this case and this district does not qualify as a proper venue under the general venue statute, 28 USC §1391(b). The majority of the Defendants reside in the Sherman Division and a substantial portion of the events and omissions at issue occurred in that division. Therefore, Defendants move the Court to either dismiss the case or transfer the case to the Sherman Division of the Eastern District of Texas.

[1] Defendants Kinjal Patel's and Jayamin Patel's last name is incorrectly spelled as "Patel" in the *Second Amended Complaint*.

Defendants Kinjal Patel, Pinky Parikh, Vasudha Bhakta, Chetal Bhakta and Teena Bhakta (the "Spouse Defendants") also move for dismissal pursuant to Rule 12(b)(6) due to Plaintiff's failure to state a claim against them upon which relief may be granted. The Spouse Defendants are not guarantors under the Unconditional Guaranty of Payment and Performance ("Guaranty") upon which Plaintiff basis its claim. These Movants are signatories to the Guaranty solely to waive or subordinate rights they might have in community property and to equitable distributions from their spouse guarantor's property. Nevertheless, Plaintiff incorrectly alleges that the Spouse Defendants are guarantors who breached the Guaranty by not making payments to Plaintiff or causing the tenant to do so. Because Plaintiff does not allege any action or omission of the Spouse Defendants that would constitute a breach of the Guaranty, Plaintiff failed to state a claim upon which relief may be granted against these Movants. The Spouse Defendants respectfully request the dismissal of Plaintiff's claim against them pursuant to Rule 12(b)(6).

## II.

## Arguments and Authorities

### A. Motion to Dismiss Due to Improper Venue

#### 1. Procedure Applicable to Rule 12(b)(3) Motions to Dismiss

A defendant may assert a defense of "improper venue" pursuant to Federal Rule of Civil Procedure 12(b)(3). FED. R. CIV. P. 12(b)(3). When venue is challenged, the court must determine whether the case falls within one of the three categories listed in 28 USC §1391(b) (the "General Venue Statute"). *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under §1406(a). *Id.*, 571 U.S. at 56.

This district is an improper venue for this case because no special venue statute applies and none of the bases for venue in the General Venue Statute are satisfied. Although Plaintiff alleges that the Defendants "agreed to venue for this case in Texas," even if true, a forum selection clause does not convert an improper venue into a proper venue. *Second Amended Complaint* ("Sec. Am. Compl.") (Doc. 8), ¶15. Because venue is improper, 28 USC §1406(a) requires the case to be dismissed or, alternatively, in the interest of justice transferred to a district or division in which it could have been brought.

Since the United States Supreme Court's 2013 decision in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, numerous district courts across the country held the propriety of venue is solely determined by the General Venue Statute regardless of the existence of a forum selection clause in a contract. In *Atlantic Marine*, the Supreme Court stated:

> Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case is brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause.
>
> * * *
>
> When venue is challenged, the court must determine whether the case falls within one of the three categories set out in §1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under §1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in §1391(b). . .. §1391 makes clear that venue in "all civil actions" must be determined in accordance with the criteria outlined in that section. That language cannot reasonably be read to allow judicial consideration of other, extrastatutory limitations on the forum in which a case may be brought. The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum.

*Atlantic Marine*, *Id.* at 55 - 56.

In the wake of *Atlantic Marine*, the Southern District of Texas addressed how a district court should proceed when (i) the district in which the plaintiff filed suit is not a proper venue

under the General Venue Statute and (ii) a contractual forum selection clause specifies exclusive venue in another forum. The court held that the forum selection clause was irrelevant because the General Venue Statute governed whether venue was proper. *Prosperity Bank v. Balboa Music Festival, LLC*, No. 13-00288, 2014 U.S. Dist. LEXIS 33104, *5 (SD Tx. March 13, 2014). If venue is not proper, 28 USC §1406(a) mandates either dismissal of the case or transfer in the interests of justice to a division in which the case could have been brought. *Id.* At *5 & *5 n. 3 ("Nevertheless, because venue is improper in this district, the forum selection clause is irrelevant and this case must be dismissed or transferred in accordance with § 1406(a)."). The *Prosperity Bank* court held that venue was improper under the General Venue Statute and in the interests of justice transferred the case to the Central District of California – disregarding the forum selection clause specifying Austin, Texas as the exclusive venue. *Id.* At *8.

Multiple courts utilized the same reasoning stated in *Prosperity Bank*. *See, e.g.*, *Weichert Real Estate Affiliates, Inc. v. CKM16, Inc.*, No. 17-4824, 2018 U.S. Dist. LEXIS 15388, *8 (D.N.J. January 31, 2018) (the propriety of venue "is determined solely by reference to the" General Venue Statute and a forum selection clause "has no bearing" on that determination); *Howmedica Osteonics Corp. v. DJO Global, Inc.*, No. 16-2330, 2017 U.S. Dist. LEXIS 43943, *6, **10-11, *14 (D.N.J. March 17, 2017) (refusing to consider forum selection clauses because the case was pending in an improper forum under the General Venue Statute and transferring the case pursuant to 28 USC §1406(a)); *Red Mortg. Capital, LLC v. Shores, LLC*, No. 16-678, 2017 U.S. Dist. LEXIS 49092, **20-21 (S.D. Oh. March 31, 2017) ("Further, the determination of whether venue is improper depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws irrespective of any forum selection clause that may apply in the case."); *Cort. Bus. Servs. Corp. v. Eleven23 Mktg., LLC*, No. 0254,

2017 U.S. Dist. LEXIS 24740, *11 (D. Nev. February 22, 2017) (explaining that a court can only consider a forum selection clause if the case is pending in a proper forum under the General Venue State); *Sightpath Med. Servs.. LLC v. Terry*, No. 14-01488, 2015 U.S. Dist. LEXIS 9037, **4-5 (E.D. Mo. January 27, 2015) (despite existence of a forum selection clause specifying the Eastern District of Missouri, granting Rule 12(b)(3) motion to dismiss the case because the district was improper under the General Venue Statute); *Corp. Air, LLC v. Davis*, No. 13-729, 2014 U.S. Dist. LEXIS 15427, *2, *4, **8-9 (W.D. Pa. Feb. 7, 2014) (despite existence of forum selection clause, determining venue was improper under the General Venue Statute and transferring the case to a forum different than that specified in the forum selection clause); *but see Huawei Techs. Co. v. Yiren Ronnie Huang*, No. 17-00893, 2018 U.S. Dist. LEXIS 69745, **18-21 (E.D. Tx. April 25, 2018) (acknowledging opinions holding otherwise, but deciding that the forum specified in a forum selection clause is necessarily a proper venue).[2]

**2. Dismissal or Transfer is Warranted Because Venue is Improper**

Under 28 U.S.C. §1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." To determine if venue is proper where an action was filed, courts look to the General Venue Statute, which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[2] The *Huawei Techs. Co.* opinion includes a string citation to five opinions in support of the proposition that “several district courts around the country” have agreed that *Atlantic Marine* did not need to address whether venue may be proper if consented to by the parties in a forum selection clause. *Huawei Techs. Co.*, No. 17-00893, 2018 U.S. Dist. LEXIS 69745, *21 (E.D. Tx. April 25, 2018). However, only one of the cited opinions (*Nymbus, Inc. v. Sharp*, No. 3:17-cv-1113, 2018 U.S. Dist. LEXIS 18302, 2018 WL 705003, at *6 (D. Conn. Feb. 5, 2018)) discusses the ramifications of the *Atlantic Marine* decision that are addressed above.

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).

Venue is not proper under 28 USC §1391(b)(1) because Defendants reside in three different states – Texas, Louisiana and New Mexico. *Declaration of Ronak Parikh* ("Parik Decl."), App.2 at ¶¶3-4.[3]

Venue is not proper under 28 USC §1391(b)(2) because no part of the events or omissions giving rise to the claim occurred in the Northern District of Texas and no part of the property at issue is in this district.[4] Plaintiff alleges the tenant under a real property lease and guarantors failed to make payments due under the lease. *Sec. Am. Compl.*, ¶¶34-38. Plaintiff was at all times located in Scottsdale Arizona. *See Sec. Am. Compl.*, ¶1; *Parikh Decl.*, App.3 at ¶8. The tenant signed both leases in Collin County, Texas. *Parikh Decl.*, App. 3 at ¶7. The tenant's office – from which tenant's management directed tenant's actions and payments under the lease -- has at all times been located in Collin County, Texas. *Parikh Decl.*, App. 3 at ¶¶6-7. None of the alleged guarantors reside in the Northern District of Texas, so their alleged omission to make payment occurred outside of the district. *Parikh Decl.*, App.2 at ¶¶3-4. Everyone who signed the Guaranty as a "Guarantor" or as the spouse of a "Guarantor" did so in Collin County, Texas. *Parikh Decl.*, App. 3 at ¶9. The real estate at issue in the lease is located in Bell County, Texas. *Parikh Decl.*, App. 3 at ¶7.

---

[3] Citations to Defendants' Appendix in Support of Motion to Dismiss, which is filed promptly after this Motion, are in the format "App. ____."

[4] Defendants deny Plaintiff's allegation that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. *Sec. Amen. Compl.*, ¶15.

Venue is not proper under 28 USC §1391(b)(3) because this case could have been properly filed in either (i) the Sherman Division of the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in that division or (ii) in the Waco Division of the Western District of Texas because the leased real estate is located in that division. *See* 28 USC §1391(b)(2).

Accordingly and pursuant to 28 USC 1406(a), Defendant move the court to dismiss this case due to improper venue or, alternatively in the interests of justice, to transfer this case to the Eastern District of Texas, Sherman Division.

**B. Spouse Defendants' Rule 12(b)(6) Motion to Dismiss**

**1. Procedure Applicable to Rule 12(b)(6) Motion to Dismiss**

A cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to plead sufficient facts to state a claim to relief that is plausible on its face. *See, e.g.*, *Body by Cook, Inc. v. State Farm Mut. Auto Ins.*, 869 F.3d 381, 385 (5th Cir. 2017). Although the court must accept well-pleaded facts as true and view all facts in the light most favorable to the plaintiff, the court may consider documents attached to or incorporated by reference in the Complaint. *See. e.g.*, *Body by Cook*, 869 F.3d at 385; *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (a district court may consider "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim"). If the court grants the motion to dismiss, the court need not grant leave to amend if amending the complaint would be futile. *See e.g.*, *Toone v. Wells Fargo Bank NA*, 716 F.3d 516, 524 (10th Cir. 2013).

**2. Plaintiff Failed to State a Claim on Which Relief May be Granted**

Plaintiff's allegations against the Spouse Defendants collectively equate to the allegation that they breached the Guaranty by not fulfilling obligations owed by guarantors under that

contract (not causing the tenant under the lease to make payments to Plaintiff and not curing those omissions). *Sec. Am. Compl.*, ¶¶27, 29, 32, 37-45. The terms of the contracts upon which Plaintiff relies to support that allegation – the Guaranty, the "Original Lease" and the "Amended Lease"(as defined in the Second Amended Complaint) – demonstrate that Plaintiff cannot prevail on its claim.[5] The Second Amended Complaint states that these three documents are attached to the pleading, but they appear to have been inadvertently omitted in the filing. *Sec. Am. Compl*, ¶¶17 – 19. All three documents are attached as exhibits to Plaintiff's original Complaint as Exhibits 1-3 (Doc. 1). This fact and Plaintiff's incorporation of the documents by reference in its current pleading make it appropriate for the Court to consider the documents in connection with this motion. *See Scanlan*, 343 F.3d at 536.

The first paragraph of the Guaranty lists the names of the guarantors and collectively assigns the defined term "Guarantor" to those individuals. *Guaranty*, App. 6 (identifying the Defendants other than the Spouse Defendants as Guarantors). The signature pages for each of those persons include the word "Guarantor" above their signatures. The word "Guarantor" does not appear above any of the Spouse Defendants' signatures. *Guaranty*, App. 15-26. Plaintiff asserts in Paragraph 28 of the Second Amended Complaint, "The Amended Lease identified the Guarantors in the Basic Lease Terms [at section 1.09 of that document]." While it is true that Section 1.09 of the Amended Lease lists the names of "Guarantors," none of the Spouse Defendants' names are in the list (this is also true for the Original Lease). *Amended Lease*, App.81 at §1.09; *Original Lease*, App. 30 at §1.09.

---

[5] Defendant understands the Second Amended Complaint to allege that all Defendants breached obligations owed as guarantors because Plaintiff did not receive payments due under the Amended Lease (as defined in the Second Amended Complaint). *See Sec. Am. Compl.*, ¶38. However, Plaintiff frequently uses the undefined term "Lease" in its pleading without expressly stating whether that term refers to the Original Lease or the Amended Lease. *See*, *Sec. Am. Compl.*, ¶¶21-24, 36, 42-44. The grounds for dismissal stated herein apply regardless of whether Plaintiff basis its claim on an underlying breach of either or both of the leases. Movants seek dismissal of Plaintiff's claims regardless of whether Plaintiff alleges either or both of the leases are at issue.

Rather than signing the Guaranty as Guarantors, the limited capacity under which the Spouse Defendants signed the Guaranty is stated above each of their signature lines as follows:

> The undersigned, as the spouse of Guarantor, hereby consents to and agrees to be bound by the provisions of Section 19 hereof and in connection therewith, (1) to the fullest extent permitted by law, waives all equitable distribution rights against Guarantor's sole and separate property for the benefit of Lessor; and (2) to the extent that the foregoing waiver is ineffective, expressly subordinates any equitable distribution rights in Guarantor's sole and separate property to the claims of Lessor under this Guaranty.

*Guaranty*, App. 18, 20, 22, 24, 26.

The portion of Section 19 referencing persons signing as a spouse of a Guarantor is Section 19(c). That subsection documents a spouse signatory's knowledge and agreement that community property may be subject to collection to fulfill her spouse Guarantor's obligations. *Guaranty*, App. 14 at §19(c).

Accordingly, the Spouse Defendants owed no payment obligations, obligations to cure tenant defaults or other obligations to Plaintiff under the Guaranty. Plaintiff's allegations in the Second Amended Complaint that Guarantors did not fulfill various obligations under the Guaranty – even if accepted as true by the Court solely for the purpose of considering this motion – fail to state a claim against the Spouse Defendants on which relief may be granted. This is because the Spouse Defendants are not "Guarantors" under the Guaranty. They also are not required parties in this proceeding. *See Stump v. Camp*, No. 2104 U.S. Dist. LEXIS 18411, No. 13-6739, (E.D. La. February 13, 2014) (rejecting the argument that spouses in a community property state are necessary parties because that would lead to the unworkable conclusion that spouses must be joined as necessary parties in every breach of contract case).

Pursuant to Rule 12(b)(6), the Spouse Defendants respectfully request that the Court dismiss Plaintiff's claim against them for failure to state a claim upon which relief may be

granted. The Court need not grant Plaintiff leave to amend its pleading because amendment would be futile (as the Spouse Defendants are not Guarantors).

## III.

## Conclusion

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 USC §1406(a), all Defendants move the court to dismiss this case due to improper venue or, in the alternative, in the interest of justice to transfer the case to the Sherman Division of the Eastern District of Texas. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Spouse Defendants move the Court not to grant Plaintiff leave to replead and to dismiss Plaintiff's claim against them for failure to state a claim upon which relief can be granted. All Defendants also request any further relief to which the Court determines they may be justly entitled.

Respectfully submitted,

/s/ *Patrick D. Keating*

Patrick D. Keating
State Bar No. 00794074
pkeating@keatingbrown.com
Jeremy T. Brown
State Bar No. 24055221
jbrown@keatingbrown.com
KEATING BROWN PLLC
2425 N. Central Expwy., Ste. 200
Richardson, Texas 75080
Telephone: (214) 390-7702
Facsimile: (214) 989-4147

**ATTORNEYS FOR DEFENDANTS**

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record by means of the Court's electronic filing system on July 31, 2020.

/s/ *Patrick D. Keating*
Patrick D. Keating