IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STORE MASTER FUNDING IV, LLC, | § § | |
| Plaintiff, | § § | Civil No.  3:20-CV-01444-E |
| v. | § § | |
| CHALAK PEAK RESTAURANTS, LLC, et al., | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Rule 12 Motion to Dismiss (Doc. No. 10). In the motion, all Defendants seek dismissal, or alternatively transfer, under Rule 12(b)(3) for improper venue, and five Defendants seek dismissal under Rule 12(b)(6).  For reasons that follow, the Court **denies** the motion.

Plaintiff Store Master Funding IV, LLC alleges that its tenant, who is not a party to the litigation, defaulted on a lease of real property located in the Western District of Texas.  Plaintiff alleges Defendants, one business entity—Chalak Peak Restaurants, LLC—and eleven individuals—Christopher DeMers, Jayamin Patal, Kinjal Patal, Ronak Parikh, Pinky Parikh, Akash Bhakta, Vasudha Bhakta, Chetan Bhakta, Chetal Bhakta, Nikunj Bhakta, and Teena Bhakta, agreed to ensure that tenant complied with all lease obligations.  Plaintiff asserts a claim against Defendants for breach of guaranty and alleges they agreed to venue in Texas.

1

Defendants contend they are entitled to dismissal of this lawsuit under Rule 12(b)(3) because Plaintiff did not file it in a proper venue. *See* FED. R. CIV. P. 12(b)(3). On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Whether venue is improper is generally governed by 28 U.S.C. § 1391. *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Section 1391 provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Defendants contend venue is not proper in the Northern District of Texas under any of the three categories in § 1391(b). They maintain venue is

not proper under § 1391(b)(1) because not all Defendants reside in Texas. They argue venue is not proper under § 1391(b)(2) because no part of the events or omissions giving rise to the claim occurred in this district and the property involved is not located in this district.  Finally, they assert venue is not proper under § 1391(b)(3).  Under that provision, they argue, the case could have been filed either in the Sherman Division of the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred there or in the Waco Division of the Western District of Texas where the lease property is located.  They ask the Court to dismiss or alternatively, transfer to the Eastern District.

In response, Plaintiff does not argue that this District is a proper venue under 28 U.S.C. § 1391(b).  Plaintiff argues that Defendants expressly waived their right to challenge venue in the Guaranty agreement.  The Guaranty agreement, titled "Unconditional Guaranty of Payment and Performance," provides:

> For purposes of any action or proceeding involving this Guaranty, each party hereto submits to the jurisdiction of all federal and state courts located in the State of Texas. . . . Each party waives and agrees not to assert in any such action, suit or proceeding that such party is not personally subject to the jurisdiction of such courts, that the action, suit or proceeding is brought in an inconvenient forum or that venue of the action, suit or proceeding is improper.

Citing language in *Atlantic Marine*, Defendants maintain this forum selection clause is irrelevant to the issue of whether venue is proper in this District.

3

*See Atlantic Marine*, 571 U.S. at 56 ("Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b).")

    The Court agrees with Plaintiff. Parties may consent to a venue that is not expressly authorized by statute. *Store Master Funding III, LLC v. R. Tequila Acquisition, LLC*, No. 3:20-CV-1440-B, 2020 WL 6135720, at *2 (N.D. Tex. Oct. 19, 2020); *Apollo Endosurgery, Inc. v. DemeTECH Corp.*, No. A-20-CV-0219-RP, 2020 WL 5045036, at *4 (W.D. Tex. Aug. 26, 2020) ("parties may contract for a given venue, and that venue is proper in a district agreed to under a forum selection clause—even if that district would not have been proper under § 1391"); *see also Le-Vel Brands, LLC v. Quintessential Biosciences, Inc.*, No. 3:18-CV-3322-K, 2019 WL 2578619, at *6 (N.D. Tex. June 24, 2019). The Court is not persuaded by Defendants' reliance on the language in *Atlantic Marine* as the defendant in that case sought to enforce a forum selection clause after the plaintiff filed suit in a venue not provided for by the forum selection clause, but otherwise proper under § 1391. *See Store Master Funding*, 2020 WL 6135720, at *3–4 (rejecting Plaintiff's argument and discussing enforcement of forum selection clauses post-*Atlantic Marine* in case involving identical forum selection clause). In the Fifth Circuit, a forum selection clause is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable. *Id.* at *2. Defendants do not argue that enforcement of the forum selection clause

4

would be unreasonable. Because the parties agreed to submit to the jurisdiction of all federal and state courts in Texas and agreed to waive assertions of improper venue, the Court denies Defendants' motion to dismiss under Rule 12(b)(3).

In addition, five Defendants moved to dismiss under Rule 12(b)(6) for Plaintiff's alleged failure to state a claim against them. In Plaintiff's response and Defendants' reply, the parties represent that they have resolved this part of the motion and a stipulation is forthcoming. Accordingly, the Court will not reach the merits of Defendants' 12(b)(6) argument and denies this part of the motion without prejudice to refiling the motion if necessary.

**SO ORDERED**.

Signed January 21, 2021.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE